<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| SYED M. HUSSAIN, | Civil Action No. 10-3401 (GEB) |
| Debtor. | **MEMORANDUM OPINION** |
| SYED M. HUSSAIN, | |
| Plaintiff/Appellant, | |
| v. | |
| BARRY W. FROST, Trustee in Bankruptcy, | |
| Defendant/Appellee. | |

**<u>BROWN, Chief Judge</u>**

      This matter comes before the Court upon the Motion for Reconsideration (Doc. No. 15) filed by the Plaintiff/Debtor Syed M. Hussain ("Debtor") of this Court's December 7, 2010 Order; and upon Plaintiff's Motion to Reopen the Case (Doc. No. 18). The Trustee opposes the Motion for Reconsideration. (Doc. No. 16.) The Court has reviewed the submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Debtor's Motion for Reconsideration and will deny Debtor's Motion to Reopen.

I.    BACKGROUND

Debtor filed a petition for bankruptcy, In re Syed M. Hussain, and on August 15, 2000, the case was converted to a Chapter 7 proceeding wherein on August 23, 2000, Barry W. Frost ("Trustee") was appointed as Interim Chapter 7 Trustee. On April 21, 2010, the Debtor filed a motion with the Bankruptcy Court entitled "Abundance of Facts that the Trustee Committed Crimes." (Doc. No. 5-1.) A hearing was conducted on said motion on June 7, 2010, and on June 8, 2010, the Bankruptcy Court issued an order denying said motion. (Doc. No. 6-1 at 8-10.)

On June 15, 2010, Debtor filed a Notice of Appeal of the order of the Bankruptcy Court. (Doc. No. 1.) In his appeal, Debtor alleges that the Trustee "committed criminal acts" including "Racketeering, Theft, Embezzlement, Betrayal of Trust, Fraud, and other crimes that the court may deem suitable." (Debtor's Br. at 5, 6; Doc. No. 5.)

On July 23, 2010, the Trustee filed a Motion to Dismiss. (Doc. No. 6.) In his Motion to Dismiss, the Trustee asserted that this appeal should be dismissed on grounds that Debtor has failed to order a copy of the transcript of the hearing conducted by the Bankruptcy Court on Debtor's motion entitled "Abundance of Facts that the Trustee Committed Crimes", to designate the Notice of Appeal as part of the record on appeal, and to submit as statement of the issues on appeal as required under Federal Rules of Bankruptcy Rule 8006. (Trustee's Br. at 5, 6; Doc. No. 6-1.) On August 12, 2010, Debtor filed opposition to the Trustee's Motion to Dismiss. (Doc. No. 8.) Debtor asserted that he was unable to afford the cost of ordering the transcript of the hearing conducted by the Bankruptcy Court. (Debtor's Opp. Br. at 2.) On August 23, 2010, the Trustee filed a response to Debtor's opposition. (Doc. No. 9.) In his response, the Trustee asserts that Debtor was aware that the transcript was required and has sufficient funds to acquire

it, but he never ordered it nor did he seek a waiver of the fee for the transcript. (Trustee's Reply Br. at 1,2; Doc. No. 9.) On September 7, 2010, Debtor filed a letter with the Court restating that he was unable to afford the cost of ordering the transcripts. (Doc. No. 10.)

The Court concluded in its December 7, 2010 Order that its consideration of the Bankruptcy Court's underlying order and proceedings was not properly filed with the Court. The Court also noted that Plaintiff sought to file a criminal complaint against the Trustee, but none of the allegations listed in the Debtor's brief and supporting documents gave rise to a private right of action. Thus, both the Bankruptcy Court and this Court lacked jurisdiction. While a court may refer a purported criminal complaint to the United States Attorney, see United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 174 (E.D. Pa. 1975), the Court found no reason to do so based upon the facts before it.

The Court also addressed Debtor's statement he was unable to pay for a transcript and construed it as a partial application for in forma pauperis status. While Debtor asserted that he was unable to pay for a copy of the transcript, "[a] certification pursuant to the penultimate sentence of 28 U.S.C. § 753(f) requires that the trial judge determine that the appeal by a person "permitted to appeal in forma pauperis" "is not frivolous" and that it "presents a substantial question." In re Price, 410 B.R. 51, 59 (Bankr. E.D. Cal. 2009). See also In re Dawley, 2005 U.S. Dist. LEXIS 411, at *11-*13 (E.D. Pa. Jan. 11, 2005) (holding that the standard of review for such a motion mirrors the framework set forth in 28 U.S.C. § 1915); Walker v. People's Express, 886 F.2d 598, 601 (3d Cir. 1989) (explaining that "transcripts may be secured at public cost by litigants who are granted partial in forma pauperis status" but that prior to granting such status, a court must certify the appeal is not frivolous and presents a substantial question"). The

Court concluded that Plaintiff's filings in this matter are frivolous, and accordingly denied Debtor's partial in forma pauperis application for a transcript.

It is from this December 7, 2010 Order from which Plaintiff seeks reconsideration. Plaintiff filed his Motion for Reconsideration on January 25, 2011.

## II.   DISCUSSION

### A.   Standard of Review

In the District of New Jersey, motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1.  Such motions are required to be "served and filed within 14 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i).  The United States Court of Appeals for the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i).  "The operative word in the rule is 'overlooked.'"  Id.  Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  See G-69

4

v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'"  NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (quoting Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

### C. Analysis

Applying this standard to the facts of this case, the Court concludes that Plaintiff's Motion for Reconsideration must be denied.  The Trustee, in opposition to the motion, argues in part that the "motion must be denied on procedural grounds" because "Local [C]ivil [R]ule 7.1(i) requires that a motion for reconsideration be filed within 14 days of the order.  The order was entered on December 7, 2010; the Debtor's motion was filed on January 25, 2011, 49 days later."  (Trustee's Opp. Br. at 3; Doc. No. 16.)   The Court agrees with the Trustee's assessment.  The Court notes that Plaintiff is pro se.  However, "[a] motion filed untimely may be denied for that reason alone."  ALLYN Z. LITE, NEW JERSEY Federal Practice Rules 68 (comment 6 to L.Civ.R. 7.1)(Gann Law Books 2011)(citations omitted).  While the Court notes that enlargement or relaxation of the time requirement may be authorized in extraordinary circumstances in order to prevent "surprise" or "injustice", and should be specially considered in a case where the movant is pro se, such an enlargement is not appropriate in this matter, which has been determined to be frivolous.  (Order dated Dec. 7, 2010 at 3-4.)

### III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Reconsideration is denied, and Plaintiff's

Motion to Reopen is also denied as moot.  An appropriate form of order accompanies this opinion.

Dated: March 31, 2011

                                                      s/ Garrett E. Brown, Jr.
                                                     GARRETT E. BROWN, JR., U.S.D.J.